UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Samuel Martinez,

*Defendant.*

**Protective Order**

**22 Cr. 194 (JMF)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Confidential," includes information that (i) impacts the safety of individuals, including law enforcement officers, and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Subject to Protective Order" by the Government in emails or communications to defense counsel, or (2) that include Bates or other label stating, "Subject to Protective Order," shall be deemed "Confidential Material."

2. **Attorney's Possession Only ("APO") Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy and confidentiality of undercover law

enforcement personnel. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "APO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "APO," shall be deemed "APO Material." Any material designated as APO material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material designated as Confidential Material shall not be disclosed by the defendant or his counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by the defense to:

    (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) The defendant; and

    (d) Such other persons as hereafter may be authorized by the Court.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Confidential Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. Any APO Material received by the defense shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or their counsel except as set forth herein.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Confidential Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Confidential Material will be controlling absent contrary order of the Court.

10. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, within 30

days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.  If Confidential Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

**Retention of Jurisdiction**

12. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ Ashley C. Nicolas_     Date: 4/7/2022
Ashley C. Nicolas
Assistant United States Attorney

_/s/ Ian Marcus Amelkin_     Date: 4.7.22
Ian Marcus Amelkin, Esq.
Counsel for Samuel Martinez

SO ORDERED:

Dated: New York, New York
       April 8, 2022

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK